UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 26 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| CHARLES ALLEN TREECE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-0840 |
| ) | |
| U.S. DEPARTMENT OF PUBLIC ) | |
| HEALTH AND WELFARE (H.H.S.), ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

A plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence," *U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted), and under the doctrine of *res judicata*, a prior judgment on the merits of a plaintiff's claim bars the relitigation of the claim and any other claims that could have been submitted to the Court, *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (*res judicata* bars not only those issues that were previously litigated, but also those that could have been but were not raised); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously").

Generally, the plaintiff contends that he is entitled to receive social security retirement benefits, and that payment of these benefits is wrongfully denied under 42 U.S.C. § 402(x)

because of his current incarceration.[1] It appears that the claims set forth in the instant complaint already have been raised and decided in prior lawsuits, *see Treece v. Louisiana*, No. 2:08-cv-1486, 2008 WL 5480566, at *1 (W.D. La. Dec. 5, 2008) (Magistrate Report and Recommendation noting that there had been "at least six other suits in which Mr. Treece attempts to advance Social Security claims"), *adopted*, No. 2:08-cv-1486 (W.D. La. Jan. 7, 2009), and are therefore barred.[2] Even if the plaintiff's claim were not barred under the doctrine of res judicata, it is unlikely that a constitutional challenge to 42 U.S.C. § 402(x) would succeed. *See Butler v. Apfel*, 144 F.3d 622, 625 (9th Cir. 1998) (per curiam); *Wiley v. Bowen*, 824 F.2d 1120, 1123 (D.C. Cir. 1987) (per curiam).

An Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: 5/25/11

---

[1] "[N]o monthly benefits shall be paid . . . to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual . . . is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense." 42 U.S.C. § 402(x)(1)(A)(i).

[2] The Court notes that this plaintiff is subject to the following sanction:

> Unless otherwise authorized by a U.S. District Judge or Magistrate Judge, the Clerk of Court for the Western District of Louisiana shall not accept for filing ANY motions, pleadings, or other documents submitted by Charles A. Treece related to the subject of social security benefits while imprisoned, regardless of what those pleadings or motions may be entitled.

*Treece v. Louisiana*, No. 2:08-cv-1486 (W.D. La. Jan. 7, 2009) (Judgment) (emphasis in original).